IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROBERTO MARTINEZ-RIVERA,<br><br>**Petitioner**<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>**Respondent.** | CIVIL NO. 23-1110 (RAM) |

OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Petitioner Roberto Martinez-Rivera's ("Petitioner" or "Martinez-Rivera") *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* ("*Motion*"). (Docket No. 1). Having considered the arguments of the parties at Docket Nos. 1 and 10, the Court **DENIES** Petitioner's *Motion*.

I.   PROCEDURAL BACKGROUND

A. Criminal Case No. 16-cr-282-42[1]

On May 9, 2016, a Grand Jury returned a four-count indictment (the "Indictment") charging Petitioner and forty-nine codefendants with several offenses. (Docket No. 3). Petitioner was charged with racketeering conspiracy in violation of 18 U.S.C. § 1962(d) (Count One), conspiracy to possess with intent to distribute a controlled

---

[1] References to docket entries in this section will only refer to docket entries in Criminal Case No. 16-cr-282. All subsequent references to the record will pertain to Civil Case No. 23-cv-1110 unless stated otherwise.

substance in violation of 21 U.S.C. 846 (Count Two), and murder in aid of racketeering activity in violation of 18 U.S.C. §§ 1959(a)(1) and (2) (Count Three). Id. at 4-29.

On January 14, 2019, a hearing was held before Magistrate Judge Marshal D. Morgan pursuant to Missouri v. Frye, during which the Court explained the right to effective assistance of counsel under the Sixth Amendment and Petitioner stated he had received and rejected a plea offer. (Docket No. 2270). As the parties proceeded to prepare for jury trial, counsel for Petitioner represented that the Government had made another plea offer and that he would discuss it with Mr. Martinez-Rivera before filing any motion for a change of plea. (Docket Nos. 2520 at 2 and 3185 at 45). Petitioner subsequently filed the motion. (Docket No. 2475).

On March 25, 2019, Mr. Martinez-Rivera pled guilty to Count One pursuant to a plea agreement before District Judge Juan M. Pérez-Giménez.[2] (Docket No. 2482). The parties agreed to jointly recommend a sentence of 240 months' imprisonment. (Docket No. 2481 at 4). Petitioner also indicated in the plea agreement that he was satisfied with his counsel. Id. at 5. During the plea colloquy, Mr. Martinez-Rivera stated that he had fifteen or twenty minutes

---

[2] Criminal Case No. 16-cr-282-42 was assigned to the undersigned on November 20, 2022. (Docket No. 3443).

to confer with his attorney prior to the hearing, and in response to the Court's questioning, indicated it was enough time and he was satisfied with his attorney's services. (Docket No. 3021 at 3). When asked if he was being coerced to plead guilty, Petitioner answered in the negative. Id. at 7-8.

Petitioner then twice filed motions requesting to withdraw his guilty plea, once *pro se* (the "First Withdrawal Motion") and once through counsel (the "Second Withdrawal Motion"). (Docket Nos. 2639 and 2742). Both motions were denied. (Docket Nos. 2684 and 3085). In its Opinion and Order regarding the Second Withdrawal Motion, the Court noted that Petitioner's responses during the Rule 11 colloquy established he had knowingly, intelligently, and voluntarily entered his plea. (Docket No. 3085 at 3). Further, the Court found that Mr. Martinez-Rivera had taken far too long to withdraw his plea, and that he had presented no colorable claim of innocence. Id. at 3-5.

On February 4, 2020, Petitioner was sentenced by the Court to 240 months' imprisonment and a five-year term of supervised release, which the Court noted was below the guidelines term of life imprisonment. (Docket No. 3113).

**B. Appeals**

Petitioner subsequently appealed the denial of his motion to withdraw his plea to the First Circuit, which affirmed the decision

of the Court on the basis that Petitioner failed to demonstrate an abuse of discretion. United States v. Martinez-Rivera, 2021 WL 3918875, at *1 (1st Cir. 2021). The Supreme Court denied certiorari on February 22, 2022. Martinez-Rivera v. United States, 142 S. Ct. 1179 (2022).

**C. Civil Case No. 23-cv-1110**

Petitioner subsequently filed his *pro se Motion* in February 2022. (Civil Case No. 23-1110, Docket No. 1).[3] In support of the *Motion*, he tenders three reasons why his sentence should be vacated, set aside, or corrected. First, Petitioner avers that his plea of guilty was not knowing or voluntary because he received ineffective assistance of counsel. Id. at 10. Second, he argues that ineffective assistance of counsel then compromised his ability to withdraw his guilty plea. Id. at 11. Third, Petitioner contends that his conviction and sentence are unconstitutional because murder in furtherance of racketeering activity is not a crime of violence, and that counsel was ineffective for failing to raise this ground previously. Id. at 12-13.

On July 14, 2023, the United States of America ("Respondent" or the "Government") filed a *Response in Opposition to Petitioner's*

---

[3] Ensuing references to docket entries refer to docket entries in Civil Case No. 23-cv-1110.

*Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255* ("*Response*"). (Docket No. 10).

## II. APPLICABLE LAW

### A. 28 U.S.C. § 2255

28 U.S.C. § 2255(a) provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). A petitioner seeking relief through the final method of collateral attack must show that their sentence reveals "fundamental defects which, if uncorrected, will result in a complete miscarriage of justice." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (cleaned up). Thus, the petitioner bears the burden of establishing the defect, id., and must do so by a preponderance of the evidence. United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978) (citation omitted). !

Section 2255(f) establishes that prisoners have a one-year period to file a motion requesting relief under the statute. 28 U.S.C. § 2255(f). In general, this one-year period begins to run from "the date on which the judgment of conviction becomes final."

Ramos-Martinez v. United States, 638 F.3d 315, 320 (1st Cir. 2011) (citing 28 U.S.C. § 2255(f)(1)) (quotation marks omitted).

Although section 2255 typically requires a hearing on prisoner claims, a hearing is not necessary if the motion "is inadequate on its face." Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974); 28 U.S.C. § 2255(b). Nor is a hearing warranted if there are "no disputed facts crucial to the outcome." Miller v. United States, 564 F.2d 103, 106 (1st Cir. 1977). In short, a section 2255 "motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible." Shraiar v. United States, 736 F.2d 817, 818 (1st Cir. 1984).

Motions under section 2255 are not interchangeable with direct appeals, and it is a "well-settled principle that to obtain collateral relief[,] a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 165-66 (1982). Once direct appeals are exhausted, the presumption is that a petitioner's conviction is fair and final. Id. at 164. Issues are **procedurally barred** when they are raised and resolved on appeal, and they "will not be reviewed again by way of a 28 U.S.C. § 2255 motion." Murchu v. United States, 926

F.2d 50, 55 (1st Cir. 1991) (quoting Dirring v. United States, 370 F.2d 862, 864 (1st Cir. 1967). Issues are **procedurally defaulted** when a petitioner fails to raise them on appeal. Bousley v. United States, 523 U.S. 614, 621 (1998). Procedurally defaulted claims can only be revived on collateral attack if the petitioner demonstrates both "cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003). However, ineffective assistance of counsel claims are not procedurally defaulted and may be brought in appropriate proceedings under section 2255. Id. at 509.

### B. Ineffective Assistance of Counsel

"The right to legal representation in a criminal proceeding . . . plays a crucial role in the adversarial system embodied in the Sixth Amendment[.]" Fernandez-Garay v. United States, 996 F.3d 57, 61 (1st Cir. 2021) (internal quotation marks and citation omitted). Thus, "attorneys must deliver, at minimum, 'effective' representation or 'adequate legal assistance' to their clients." Id. at 61–62. When the adequacy of representation is challenged, courts must consider two factors to determine whether "counsel's assistance was so defective as to require reversal of a conviction." Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the Court must ask "whether counsel's representation fell below an **objective standard of reasonableness**." Fernandez-Garay, 996 F.3d at 62 (citing Padilla v. Kentucky, 559 U.S. 356, 366

(2010)) (emphasis added). Next, the Court must "ask whether there is a **reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different**." Id. (emphasis added). "A showing of some conceivable effect on the outcome is not enough," but "there is no requirement that the defendant prove that the errors were more likely than not to have affected the verdict." Dugas v. Coplan, 506 F.3d 1, 9 (1st Cir. 2007) (internal quotation marks and citations omitted). A petitioner must make both showings to prevail. *See* Strickland, 466 U.S. at 687. The right to counsel codified in Strickland undoubtedly applies to advice regarding pleading guilty. Hill v. Lockhart, 474 U.S. 52, 58 (1985).

### III. ANALYSIS

#### A. A Hearing is Unnecessary

No hearing has been requested or is necessary in this case because Petitioner's *Motion* presents only legal issues and does not require resolving any disputed factual issues. Shraiar, 736 F.2d at 818; *see also* Santiago-González v. United States, 2021 WL 5570305, at *2 (D.P.R. 2021) (citing cases). Thus, a hearing is not necessary in this case.

#### B. Petitioner's Claims Are Timely

Petitioner's *Motion* is timely filed. As relevant here, a conviction becomes final "when a petition for certiorari is

denied." In re Smith, 436 F.3d 9, 10 (1st Cir. 2006). The Supreme Court denied his petition for a writ of certiorari on February 22, 2022. Motions filed by prisoners are timely "if deposited in the institution's internal mailing system on or before the last day of filing." Rules Governing Section 2255 Proceedings, R. 3(d) (2004). Here, the envelope containing the *Motion* was stamped February 23, 2022. (Docket No. 1-1). However, the Government notes that the envelope was received by the post office at Petitioner's institution on February 22, 2022, and it does not contest that the *Motion* was timely filed. (Docket No. 10 at 7 n.4). Accordingly, the *Motion* is not time-barred.

### C. Knowing and Voluntary Plea

Petitioner argues that, because he always maintained a posture of innocence and his attorney nonetheless forced him to enter a guilty plea, he received ineffective assistance of counsel. (Docket No. 1 at 10). As a result, he claims his plea was neither knowing nor voluntary. Id.

As an initial matter, the substantive issue of whether defendant's plea was knowing and voluntary is procedurally barred because it was already addressed on direct appeal. *See* United States v. Flete-Garcia, 925 F.3d 17, 24 (1st Cir. 2019) (noting that a court's scrutiny of a plea-withdrawal motion includes consideration of whether the plea was voluntary, intelligent, and

knowing, among other factors); <u>Irizarry-Rivera v. United States</u>, 530 F. Supp. 3d 196, 202-03 (D.P.R. 2021) (holding that petition collaterally attacking whether plea was knowing and voluntary was procedurally barred when First Circuit had affirmed the denial of a motion to withdraw said plea).

Turning to the question of ineffective assistance of counsel, the Court notes that Petitioner's claims here are inherently interwoven with his claims regarding the validity of the plea. He argues that, though he maintained a posture of innocence throughout the proceedings, his attorney nonetheless forced him to accept a plea. (Docket No. 1 at 10). However, Petitioner's contentions are belied by the record. During the change of plea hearing, the Court and Mr. Martinez-Rivera engaged in a series of exchanges wherein Petitioner established he was satisfied with his attorney's services, that he was not being threatened or forced in any way to plead guilty, and that he was pleading guilty because he was, in fact, guilty. (Docket No. 3021 at 3, 7-8 and 13, respectively). Because Petitioner established **in his own words** that he was content with his attorney, that he had not been induced into taking a plea deal, and that he was not innocent, he cannot meet his burden under <u>Strickland</u> to show that counsel's performance fell below an objective standard of reasonableness. <u>Peguero-Reyes v. United States</u>, 2023 WL 4745530, at *4 (D.P.R. 2023); *see also* <u>United</u>

States v. Gates, 709 F.3d 58, 69 (1st Cir. 2013) (a "defendant is normally bound by the representations he himself makes in open court at the time of his plea."). Because Petitioner cannot meet his burden under the first Strickland prong, his ineffective assistance of counsel claim is meritless, and the Court need not examine the second prong.

### D. **Withdrawal of the Plea**

Petitioner further claims he received ineffective assistance of counsel because he was not able to timely withdraw his guilty plea before sentencing. (Docket No. 1 at 11). Petitioner's substantive argument about whether he should have been permitted to withdraw his guilty plea is similarly procedurally barred by his appeal. Guzman v. United States, 2009 WL 10720392, at *3-4 (S.D. Tex. 2009). Accordingly, the Court only evaluates the effectiveness of counsel.

There is no absolute right of a defendant to withdraw a guilty plea. United States v. Negrón-Narváez, 403 F.3d 33, 36 (1st Cir. 2005). A defendant seeking to withdraw a plea has the burden of showing a "fair and just reason for requesting the withdrawal." United States v. Caramadre, 807 F.3d 359, 366 (1st Cir. 2015) (citing Fed. R. Crim. P. 11(d)(2)(B)). Critical to determining whether defendant has met his burden "is whether the original guilty plea was voluntary, intelligent, and knowing." Id. "Other

relevant considerations . . . include[] (1) the plausibility and weight of the proffered reason; (2) the timing of the request; (3) whether the defendant asserted legal innocence; and (4) whether the parties had reached, or breached, a plea agreement." United States v. Marrero-Rivera, 124 F.3d 342, 347 (1st Cir. 1997) (citations omitted).

Petitioner argues his counsel was deficient at the plea withdrawal stage for three reasons. First, Mr. Martinez-Rivera alleges that his attorney did not timely notify the district court that he sought to withdraw his plea. (Docket No. 1 at 11). Second, Petitioner claims that he begged his counsel to withdraw the plea after observing the vacatur of the sentences and convictions of two codefendants. Id. Third, he posits that his First Withdrawal Motion was timely, and that he was actually innocent. Id.

It is possible that counsel's delay in filing the Second Withdrawal Motion after discovering the filing of the First Withdrawal Motion may have been objectively unreasonable. The Court previously noted that this period of delay was "additional" and "excessive." (Docket No. 3085 at 4 n.2). Under certain circumstances, counsel's failure to move to withdraw a guilty plea could potentially constitute ineffective assistance. See United States v. Alvarez-Tautimez, 160 F.3d 573, 576-77 (9th Cir. 1998) (failure to withdraw plea was ineffective assistance of counsel

where motion was reasonably likely to succeed). *But see* Moreno-Espada v. United States, 666 F.3d 60, 65 n.4 (1st Cir. 2012) (noting that at the time Alvarez-Tautimez was decided, applicable law in the Ninth Circuit provided that pleas could be freely withdrawn at any time prior to sentencing or their acceptance by the district court, but that there is no such right in the First Circuit). The Court declines to decide whether Petitioner has met the first Strickland prong, however, because he cannot meet his burden to establish he was prejudiced under the second prong.

Petitioner was not prejudiced by counsel's delay in filing the Second Withdrawal Motion on June 17, 2019 because the First Withdrawal Motion was already untimely. Mr. Martinez-Rivera pled guilty on March 25, 2019, but he did not file the First Withdrawal Motion until early May, over a month later.[4] (Docket Nos. 2482 and 2639). In that motion, Petitioner acknowledged he had not yet conferred with his attorney about withdrawing his plea. (Docket No. 2639 ¶ 9). Mr. Martinez-Rivera's counsel only met with him to discuss the merits of withdrawal *after* the filing of the First Withdrawal Motion. (Docket No. 2742 at 1). Any successive motion to withdraw a guilty plea would likely already be untimely at that

---

[4] The *pro se* motion indicates it was signed May 2, 2019 and filed on May 6, 2019. (Docket No. 2639). However, it appears to have been postmarked May 3, 2019 and deposited in the prison mailbox on May 1, 2019. (Docket No. 2639-1). These discrepancies have no effect on the Court's conclusion as to the motion's untimeliness.

Civil No. 23-1110 (RAM)                                                14

juncture, since, as the Court noted in its order denying the Second Withdrawal Motion, "[f]orty-three days are still too many." (Docket No. 3085 at 4); *see also* United States v. Fernandez-Santos, 136 F. Supp. 3d 160, 166 (D.P.R. 2015) (collecting cases and recognizing that "the First Circuit Court of Appeals found delays as small as thirteen days to be untimely" in United States v. Ramos, 810 F.2d 308, 313 (1st Cir. 1987)). "Had counsel filed the motion to withdraw on the day movant first discussed the matter with them, the delay would still weigh against granting the motion . . .." McElhaney v. United States, 2009 WL 54256, at *20 (N.D. Tex. 2009) (finding that petitioner experienced no prejudice in counsel's failure to timely file a motion to withdraw plea); *see also* Irizarry-Rivera, 530 F. Supp. 3d at 206-07 (alleged four-month delay in filing motion to withdraw guilty plea was not prejudicial to the defense).

That Petitioner's desire to withdraw his guilty plea was motivated by the vacatur of the convictions of two codefendants also weakens his claim. The Government indicates that Petitioner refers to the acquittal of two codefendants as to participating in murder in aid of racketeering, and notes that Petitioner did not plead guilty to this count. (Docket No. 10 at 11). Regardless of what Petitioner refers to, neither situation would have sufficed as a fair and just reason to withdraw the guilty plea. There is no

reason to set aside a guilty plea when "a defendant has had a change of heart simply because he now believes the case against him has become weaker . . .." Miranda-González v. United States, 181 F.3d 164, 165 (1st Cir. 1999). Accordingly, Petitioner suffered no prejudice due to ineffective assistance of counsel as to this matter when the Second Withdrawal Motion was denied.

Finally, and as discussed *supra*, Petitioner acknowledged during his plea colloquy that he was pleading guilty because he was, in fact, guilty. His avowal now that he is innocent cannot bolster his claim regarding ineffective assistance of counsel, especially when counsel did attempt to make an argument that Petitioner had a colorable claim of innocence in the Second Withdrawal Motion.

### E. Crime of Violence

Finally, Petitioner argues that his conviction and sentence are unconstitutional because murder in further of racketeering activity is not a crime of violence. (Docket No. 1 at 12). He also claims that he received ineffective assistance of counsel because this argument was not presented at prior proceedings. Id. at 13. With regard to the substantive argument, the Government correctly argues that the claim is procedurally defaulted because it was not raised on appeal. (Docket No. 10 at 12). As such, the Court only examines the ineffective assistance of counsel claim.

Civil No. 23-1110 (RAM)                                                16

    Petitioner pled guilty only to Count One of the Indictment, and Counts Two and Three were dismissed per his plea agreement with the Government. (Docket No. 3113). Count One charged Petitioner and others with racketeering conspiracy in violation of 18 U.S.C. § 1962(d). (Docket No. 3 at 4-21). As the First Circuit stated in cases involving Petitioner's codefendants, "[t]o prove the RICO conspiracy offense, the government must prove that the defendant knew about and agreed to facilitate a substantive RICO offense." United States v. Andino-Morales, 73 F.4th 24, 33 (1st Cir. 2023) (quoting United States v. Millán-Machuca, 991 F.3d 7, 19 (1st Cir. 2021)) (quotation marks omitted). This offense does not require proof of a crime of violence, but simply that "the defendant agreed that at least two acts of racketeering would be committed in furtherance of the conspiracy." Millán-Machuca, 991 F.3d at 18 (citing United States v. Leoner-Aguirre, 939 F.3d 310, 317 (1st Cir. 2019)) (quotation marks omitted).

    Because the Court finds that the underlying substantive claim is without merit, it follows that Petitioner would not be able to establish that any error by counsel would have affected the outcome of his case and allowed him to meet his burden under Strickland. Accordingly, his claim of ineffective assistance of counsel is unavailing.

### IV. CONCLUSION

For the foregoing reasons, Petitioner Roberto Martinez-Rivera's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* at Docket No. 1 is **DENIED**. No certificate of appealability shall issue, as the *Motion* fails to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). In accordance with Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Petitioner may still seek a certificate directly from the United States Court of Appeals for the First Circuit. Judgment of **DISMISSAL WITH PREJUDICE** shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of August 2023.

                                              s/Raúl M. Arias-Marxuach
                                              UNITED STATES DISTRICT JUDGE